IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MARSHALL RICKY REESE

    **Plaintiff,**

v.

RICHARD TANK, et al.,

    **Defendants.**                      Case No. 03-cv-690-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Now before the Court is defendants Richard Tank and James Henner's (collectively, "Defendants") Motion in Limine to Preclude the Testimony of Any of Plaintiff's Witnesses, Including Dennis Waller (Doc. 64). Plaintiff has filed an opposing Response to this Motion (Doc. 65) to which Defendants have filed their Reply (Doc. 68).

### II. BACKGROUND

**A.    PROCEDURAL HISTORY**

Essentially, Plaintiff's action alleges that Defendants, who are police officers for the city of Milwaukee, Wisconsin, used excessive force in effecting Plaintiff's arrest on June 5, 2002, causing him to suffer injuries. Plaintiff, who is currently incarcerated at Waupun Correctional Institution, filed the instant action *pro*

Page 1 of 14

Case 2:03-cv-00690-DRH   Filed 04/18/06   Page 1 of 14   Document 69

*se*, pursuant to **42 U.S.C. § 1983** (Doc. 1). Although Plaintiff continued to act *pro se* for the majority of the pretrial phase of this case, he chose to file a motion for appointment of counsel, which was granted by the Court on March 30, 2005 (Doc. 49). And so, on June 7, 2005, the Court appointed attorney Max Chester of the lawfirm Foley & Lardner to represent Plaintiff, *pro bono* (Doc. 50).

Shortly thereafter, on June 22, 2005, Plaintiff's appointed counsel filed for a motion to reopen discovery (Doc. 51), as the discovery deadline had terminated on February 1, 2004 (*see* Doc. 17). As counsel for Plaintiff was not appointed until more than a year *after* the discovery cut-off, he felt additional time was necessary in order to properly conduct discovery, as Plaintiff apparently had not been able to do this on his own. For example, Plaintiffs' counsel notes that neither of Defendants were ever deposed, Plaintiff, while acting *pro se*, did not serve any document requests, nor did he receive any answers to the interrogatories he sent to Defendants (Doc. 51, p. 2). As Plaintiff's counsel feels this case presents a clear factual dispute between the parties, he therefore believes discovery is necessary for Plaintiff to effectively present his case (*Id.*).

Defendants did not consent to Plaintiff's motion to reopen the discovery period, because they feel the case is ready for trial (Doc. 55). Moreover, Defendants state that Plaintiff, acting *pro se*, was "quite sophisticated in his litigation skills" in that he properly filed pleadings, motions (including a summary judgment motion) and some discovery requests – so the Court should not view his pretrial discovery efforts as prejudiced because of his lack of ability (or lack of representation).

Page 2 of 14

Case 2:03-cv-00690-DRH    Filed 04/18/06    Page 2 of 14    Document 69

Further, Defendants explain that Plaintiff was deposed and that the deposition transcript and Defendants' affidavits were submitted as part of the summary judgment proceedings. Therefore, Defendants conclude that because Plaintiff and Defendants were the only witnesses to the incident, Plaintiff's counsel has this documentary evidence (deposition transcript and affidavits) to cover the parties' distinct factual accounts and further discovery is unnecessary (Doc. 55, p. 2).

Pursuant to the August 10, 2005 Scheduling Order (Doc. 56), the parties submitted their respective pretrial reports by September 12, 2005. In Plaintiff's pretrial report, under section four, titled "Experts," Plaintiff stated he "reserves a right to name an expert following the receipt of various documents requested through an Open Records Request" (Doc. 61). This was stated while Plaintiff's counsel's Motion to Reopen Discovery was still pending before the Court. However, the Court subsequently denied Plaintiff's counsel's Motion in an Order dated September 27, 2005 (Doc. 62).

Nearly two months after this denial, on November 23, 2005, Plaintiff then filed a Supplemental Pretrial Report, pursuant to **CIVIL LOCAL RULE 16.3** (Doc. 63). Plaintiff did not seek leave to file this report.[1] In his Supplemental Pretrial Report, Plaintiff claims that when drafting his initial Pretrial Report, he was unable to identify an expert witness because he had not yet received all the documents he

---

[1] Although it is usually not necessary to move for leave to supplemental a party's pretrial disclosures pursuant to the **Rule 26(e)**, this is usually only in cases where party has already identified expert witness and merely needs to provide additional information.

requested pursuant to the Wisconsin Open Records Law[2] on which an expert would have to rely upon. Plaintiff explains this is why he reserved a right to file a Supplemental Pretrial Report once all necessary documents requested were received (*Id.*). As Plaintiff has now received most of the requested documents, he proceeded to name Dennis K. Waller of Waller & Associates, LLC, as an expert witness. Waller is as an expert consultant in the areas of police procedures and practice, use of force and other law enforcement matters (*Id.*). Plaintiff promises to produce an expert report consistent with the requirements of **Rule 26(2)** (*Id.*).

B.   THE PARTIES' RESPECTIVE ARGUMENTS

   1.   **Defendants' Motion in Limine**

Defendants filed their Motion in Limine on January 31, 2005, asking the Court to preclude Plaintiff from presenting expert witness testimony during the course of trial, including the preclusion of testimony from Waller (Doc. 64, p. 1). Defendants claim that neither party identified a "police expert" in their initial pretrial

---

[2] **19.31. Declaration of policy**
   In recognition of the fact that a representative government is dependent upon an informed electorate, it is declared to be the **public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them. Further, providing persons with such information is declared to be an essential function of a representative government and an integral part of the routine duties of officers and employees whose responsibility it is to provide such information**. To that end, ss. 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied.

   **Wis. Stat. § 19.31** (emphasis added).

reports, or "requested the scheduling of any expert-witness-related deadlines or discovery" (*Id.* at 2). Defendants note that Plaintiff did list a doctor who provided him with emergency room treatment, but apparently only as a "fact" witness (*Id.*). Prior to Plaintiff's Supplemental Pretrial Report, Defendants believe this case was ready for trial and that "the parties were simply waiting to schedule the trial date with Judge Herndon" (*Id.*).

Defendants claim that Plaintiff's Supplemental Pretrial Report was the first time they were made aware of Plaintiff's intent to use an expert witness during trial, and also, Defendants did not receive Waller's written report until December 23, 2005 (*Id.*). Defendants assert that Plaintiff's actions "flagrantly disregarded the judge's Order of September 27, 2005 (Doc. 62), which clearly indicated that the time for discovery in this case has been completed, and thus that the case is ready to proceed to trial" (*Id.*). As such, Defendants claim that Plaintiff's attempt to now identify an expert witness is not only untimely, but "significantly unfair and prejudicial . . ." (*Id.* at 3).

### 2. **Plaintiff's Opposing Response**

Plaintiff opposes Defendants' Motion, arguing that his failure to disclose the expert witness in his initial Pretrial Report was 1) substantially justified and 2) harmless to Defendants. Plaintiff explains that he reserved the right to name an expert in his initial Pretrial report, subsequently supplemented his Pretrial Report by naming his expert, and then served Defendants with a copy of the expert report on December 23, 2005. Plaintiff's counsel respectfully reminds the Court he was

Page 5 of 14

Case 2:03-cv-00690-DRH   Filed 04/18/06   Page 5 of 14   Document 69

appointed, as the Court felt Plaintiff would not be able to effectively represent himself *pro se* on a go-forward basis. Plaintiff cites to **FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**, which bars information a party fails to disclose as required by **Rule 26(a)** or **(e)(1)**, or to amend a prior response/answer pursuant to **Rule 26(e)(2)**, unless such failure is "harmless" or the party has "substantial justification" (Doc. 65, p. 2, citing ***Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1995)**).

### a. *Plaintiff's Failure to Disclose Expert in Initial Pretrial Report is Substantially Justified*

At the time Plaintiff's counsel was appointed by the Court, discovery was closed but no trial date was set. Because Plaintiff had previously been acting *pro se*, there were little to no documents exchanged and he had not taken any depositions, therefore, the only discovery/evidence Plaintiff's counsel had to prepare for trial was Plaintiff's statement and Defendants' affidavits. Plaintiff thereby moved to reopen discovery, but in the interim, the pretrial reports came due. Plaintiff's motion was denied – so his only avenue was to serve Defendants with document requests pursuant to Wisconsin Open Records Law. However, the Milwaukee City Police Department was experiencing a backlog handling these types of requests, and thus, Plaintiff's request was backlogged, even though counsel put in multiple requests in hopes to speed up process.

Plaintiff's counsel argues that he did not have enough information to properly determine whether an expert witness was needed at time the Pretrial Report was due. Therefore, Plaintiff asserts that his only option was to reserve his right to

Page 6 of 14

Case 2:03-cv-00690-DRH    Filed 04/18/06    Page 6 of 14    Document 69

supplement his Pretrial Report. Defendants did not object to his reservation of rights at the time. Plaintiff did not receive the additional requested documents until late October, early November, 2005. Plaintiff asserts that these provided sufficient basis to determine an expert was needed. Plaintiff then supplemented his Pretrial Report on November 23, 2005, and served a copy of the expert's report to Defendants a month later. For these reasons, Plaintiff argues, his delay is substantially justified.

### b. *Plaintiff's Failure to Disclose Expert in Initial Pretrial Report is Harmless*

Plaintiff notes that Defendants did not file their Motion in Limine until two months after the time Plaintiff's Supplemental Pretrial Report was filed and nearly one month after receiving the expert report (Plaintiff argues this behavior in itself should belie Defendants' assertion of prejudice). Plaintiff argues that just because his expert criticizes Defendants' behavior should not constitute "harm" for **Rule 37** purposes. Instead, Defendants should have had ample time to retain their own expert witness and serve a rebuttal report, if they deemed it necessary.

Plaintiff further asserts that Defendants fail to cite authority to support or illustrate just how they are being harmed by Plaintiff's naming of an expert witness. Plaintiff also notes that Defendants fail to explain how exactly they have been, or will be prejudiced if Plaintiff is allowed to introduce expert witness testimony at trial. As there is allegedly no evidence to support the fact that Defendants would be prejudiced in this instance, Plaintiff urges that denying

Defendants' Motion in Limine would not be an abuse of discretion (Doc. 65, p. 6, citing ***Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)**).

### 3. Defendants' Reply

Defendants filed their Reply (Doc. 68), arguing that this is nothing more than Plaintiff's eleventh-hour manipulation to get the Court to reopen discovery – as Plaintiff does not advance any new legal theories other than what was originally stated in his Motion to Reopen Discovery, which the Court denied. Defendants disagree that Plaintiff's late naming of his expert witness is "substantially justified," as Plaintiff had full opportunity to conduct discovery and did so – it is not Defendants' fault he chose not to take depositions or request certain documents. Additionally, Defendants feel Plaintiff's appointed counsel will not be facing any "surprises" preparing for trial – he has the facts through his own client's testimony, has the affidavits of both Defendants, and the Court's July 28, 2004 Order provides counsel with a "clear view of the law and facts at issue" (Doc. 68, p. 2).

Defendants also object to Plaintiff's counsel's argument that he was not able to determine whether an expert witness would be necessary until he received the documents via his Open Records Request from the Milwaukee Police Department. Defendants assert that Plaintiff has not shown that "new" information was obtained from the Open Records Request documents which would justify amending the Scheduling Order to allow disclosing his expert witness at this late stage.

Further, Defendants disagree with Plaintiff's assertion that his untimely disclosure of his expert witness is "harmless." Unlike Plaintiff suggests, the Defendants do not feel that their delay in filing this Motion in Limine should undercut their reasons and justification for seeking to bar this expert testimony. Defendants assert that the federal rules do not provide any time restraint for when a party may bring a Motion in Limine such as this one and therefore, it should not be deemed untimely. Defendants also state that they should not have to untimely name a rebuttal expert simply because Plaintiff tried to untimely name its expert witness, as it would involve additional costs and fees which ultimately cost taxpayer dollars.

Finally, the Defendants assert that the case law regarding the issue of excessive force to be tried in this case is simple and clear, as are the jury instructions – therefore, an expert witness is unnecessary. As the parties already presented their differing version of facts during the summary judgment briefings, Defendants believe this case is merely one to be determined by the trier of fact. An expert witness cannot make credibility determinations on whether the jury should believe Plaintiff's or Defendants' account of the altercation. Expert testimony will not, Defendants feel, provide further assistance to the jury.

## III. ANALYSIS

Disclosure of expert testimony in this matter is governed under **FEDERAL RULE OF CIVIL PROCEDURE 26** and **CIVIL LOCAL RULE 26.1** (which is essentially mimics the federal rule). Both rules state the following relevant provision (emphasis added):

> These disclosures shall be made at the times and in the sequence directed by the court. **In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or,** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party.

**FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(C)**.

> **Unless the Court designates a different time, the disclosure must be made at least 90 days before the date the case has been directed to be ready for trial**, or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Paragraph (a), within 30 days after the disclosure.

**CIVIL LOCAL RULE 26.1(c)**.

Despite Plaintiff's arguments, the Court finds that Plaintiff has failed to show what information he derived from the Open Records Request documents to justify the untimely disclosure of his expert witness, or even why an expert witness is necessary to Plaintiff's case.[3]

---

[3] Plaintiff did not attach the expert witness report (submitted to Defendants) to either his Supplemental Pretrial Report (Doc. 63) or his opposing Response to Defendants' Motion in Limine (Doc. 65). Therefore, the Court cannot even examine its contents to determine its necessity.

On November 4, 2003, the Court issued a Scheduling Order requiring the parties to complete all discovery on or before February 1, 2004 (Doc. 17; *see also* Doc. 52, Ex. B). Although both **Rule 26(a)(2)(C)** and **Civ. L. R. 26** both set a timetable for expert disclosures at least 90 days before trial – this timetable only applies if not otherwise designated by the court. For example, the Seventh Circuit found that a scheduling order stating that "all discovery shall be completed by December 30" constituted " 'other directions from the court,' " and therefore, found the deadline for disclosure of experts' reports to be December 30 (instead of "90 days before trial"). ***Sherrod v. Lingle, R.N.*, 223 F.3d 605, 612-13 (7th Cir. 2000)(citing to Rule 26(a)(2)(C))**.

Following the direction provided by ***Sherrod***, the Court finds that the Scheduling Order issued in this case on November 4, 2003, stating that all discovery shall be complete on or before February 1, 2004 also constitutes "other directions from the court"[4] and therefore, Plaintiff should have identified his expert witness and disclosed the expert's report by February 1, 2004. Plaintiff's self designation of a reservation of the right to name an expert in his pretrial report does not trump the federal rules regardless whether the Defendant bothered to object.

The Court's Scheduling Order also stated that an amendment to the schedule would only be granted if "good cause is shown upon motion or stipulation

---

[4] Similarly, the Court finds the "[u]nless the Court designates a different time" condition of Civil Local Rule 26.1(c) to be satisfied by the language of the November 4, 2003 Scheduling Order (Doc. 17).

Page 11 of 14

Case 2:03-cv-00690-DRH    Filed 04/18/06    Page 11 of 14    Document 69

of the parties filed with the Clerk of the Court not less than 60 days prior to the expiration of any cut-off date sought to be modified" (*see* Doc. 52, Ex. B). The Court recognizes that Plaintiff's counsel was not appointed until more than a year after the February 1, 2004 discovery deadline, and therefore, when Plaintiff moved to reopen discovery (Doc. 51), he was way beyond the 60-day window allowed by the Scheduling Order to request amendments. However, the Court found little merit in Plaintiff's rationale for further discovery and denied the motion (Doc. 62).

While the Court acknowledges the potential challenges Plaintiff's appointed counsel may face in presenting this case, the Court reminds that Plaintiff's counsel was appointed because the Court "determined it beyond the plaintiff's ability to represent himself in *further proceedings*" (Doc. 50, p. 1)(emphasis added). In other words, the Court did not find Plaintiff required assistance with *pretrial* proceedings, as the Court was aware that at the time it appointed counsel, the discovery period was already closed.

Agreeing with Defendants' argument, the Order denying the parties' cross motions for summary judgment found only questions of fact remaining in the case regarding the circumstances of the event at issue (Doc. 35, pp. 13-14). Testimony regarding these questions of fact can only be supplied by the witnesses – which consist of only the parties to this action. It is for the jury to weigh the credibility of each factual account. Expert testimony does not seem crucial, and Plaintiff does not offer any compelling reason indicating otherwise. Instead, the Court considers Plaintiff's Supplemental Pretrial Report as merely an artful attempt

to circumvent the Court's prior ruling denying Plaintiff's Motion to Reopen Discovery. However, Plaintiff is not entitled to another bite of the apple. As it is within the Court's discretion to determine discovery matters, such as precluding expert witness testimony, Defendants' Motion in Limine is granted. ***See Musser v. Gentiva Health Services*, 356 F.3d 751, 755 (7th Cir. 2004)(citing *Sherrod*, 223 F.3d at 610)**.

## IV. CONCLUSION

Plaintiff failed to meet the discovery deadline and therefore, his attempt at identifying his expert witness and disclosing the expert report via Plaintiff's Supplemental Pretrial Report is untimely. Further, Plaintiff's reasons for allowing this untimely disclosure are unavailing – the Court sees no compelling reason why an expert witness is crucial to Plaintiff's case. The Court already denied Plaintiff's Motion to Reopen Discovery. Lastly, when appointing Plaintiff's counsel, the Court was fully aware that the discovery period had closed.

For these reasons, as previously discussed in this Order, Defendants' Motion in Limine (Doc. 64) is hereby **GRANTED**. Neither of the parties will be allowed to reopen discovery or to use expert witnesses not identified prior to the discovery deadline of February 1, 2004. Accordingly, Plaintiff is precluded from using Dennis Waller as an expert witness in this case.

Additionally, the Court hereby **SETS** this matter for **TRIAL** on **Monday, June 5, 2006, at 9:00 a.m.** However, this case is second out, so counsel should check with the clerk the week prior to determine the likelihood of it starting on this

date.

**IT IS SO ORDERED.**

Signed this 18th day of April, 2006.

<u>/s/          David   RHerndon</u>
**United States District Judge**